## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LARONDA DEMONA JOSEPH**                      **CIVIL ACTION**

**VERSUS**
                                               **NO. 17-242-SDD-RLB**
**USA TRUCK, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 28, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LARONDA DEMONA JOSEPH**              **CIVIL ACTION**

**VERSUS**

                                       **NO. 17-242-SDD-RLB**

**USA TRUCK, INC., ET AL.**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 3). The motion is opposed. (R. Doc. 7).

**I.    Background**

On March 17, 2017, Laronda Demona Joseph ("Plaintiff") filed this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Houston Shine a/k/a Shine Houston and USA Truck, Inc. (R. Doc. 1-14 at 3-7, "Petition"). Plaintiff alleges that Mr. Shine was driving a commercial truck owned his employer USA Truck when he negligently and violently collided with a vehicle driven by Plaintiff in the driveway of Hollywood Casino in Baton Rouge. (Petition, ¶¶ 3-7). Plaintiff alleges that she suffered acute neck and back injuries as a result of the accident, as well as physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; and lost wages. (Petition, ¶¶ 9-10). Plaintiff asserts that the damages exceed the requisite amount for a jury trial under Louisiana law ($50,000). (Petition, ¶ 17).

Plaintiff, at the time of filing the Petition, requested service on Mr. Shine and USA Truck through means of the Louisiana Long Arm Statute, La. R.S. 13:3201, et seq. (R. Doc. 1-14 at 7). On March 23, 2017, USA Truck was served with the Petition through its agent for service of process. (R. Doc. 1 at 5). On April 18, 2017, Plaintiff placed in the United States mail, via

1

certified mail and return receipt requested, a copy of the Petition and Citation for the purpose of serving Mr. Shine. (R. Doc. 3-5). The certified letter was addressed to Mr. Shine at 400 North Frio Street, Apt. 8305, San Antonio, Texas, 78207. (R. Doc. 3-5 at 2-3). This is the same address for Mr. Shine that appears on the official traffic crash report. (R. Doc. 3-6 at 3).

On April 20, 2017, USA Truck removed the action on the basis that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). USA Truck asserts that there is complete diversity because Plaintiff is a citizen of Louisiana; USA Truck is a citizen of Delaware and Arkansas; and Mr. Shine is a citizen of Texas. (R. Doc. 1 at 2-3). USA Truck further asserts that the amount in controversy is satisfied in light of the allegations in the Petition; Plaintiff's medical records indicating that Plaintiff suffered disc herniation at C3-4 and disc bulging at C5-C6 (R. Doc. 1-5); and Plaintiff's pre-lawsuit settlement demand of $210,000 made on October 25, 2016 (R. Doc. 1-6) based on her injuries. (R. Doc. 1 at 3-5). USA Truck also asserts that as of the date of removal "there has been no service on Houston Shine and no proof of Louisiana Long-Arm service on Mr. Shine filed in the 19th Judicial District Court record." (R. Doc. 1 at 5).

On April 25, 2017, the letter was returned by the United States Postal Service to Plaintiff's counsel marked "Return to Sender / Not Deliverable as Addressed / Unable to Forward." (R. Doc. 3-7).

On May 22, 2017, Plaintiff filed the instant Motion to Remand asserting that removal was procedurally defective because Mr. Shine was served at the time of removal, and Mr. Shine failed to join in removal or consent to removal. (R. Doc. 1).

As of the date of this Report and Recommendation, Mr. Shine has not made an appearance or otherwise joined in or consented to removal.

## II. Arguments of the Parties

Plaintiff argues that the Notice of Removal was procedurally defective because Houston Shine did not join the removal or file timely written consent within thirty days although he had been properly served pursuant to the Louisiana Long Arm Statute. (R. Doc. 3-1 at 3-6). Plaintiff contends that by following "the clear and unambiguous wording" of La. R.S. 13:3204, Plaintiff's counsel completed all necessary steps to properly serve Mr. Shine with process. (R. Doc. 3-1 at 4). Accordingly, Plaintiff alleges that this removal violated the "rule of unanimity" and that remand is appropriate. (R. Doc. 3-1 at 3).

In opposition, Truck USA argues that there is no procedural defect in the Notice of Removal because Houston Shine was not properly served under the Louisiana Long Arm Statute, as he does not reside at address to which the certified letter was sent. (R. Doc. 7 at 3-4). In support of its assertion that Mr. Shine's address at the time of the accident was in fact 400 North Frio Street, Apt. 6305, San Antonio, Texas, 78207, USA Truck submits an affidavit by its Payroll Manager and a copy of Mr. Shine's commercial driver's license. (R. Doc. 7-2). Truck USA further argues that because Mr. Shine has not received actual service, the 30-day deadline for Mr. Shine to join in or consent to removal has not been triggered. (R. Doc. 7 at 5-8).

## III. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

3

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the burden of [proof]").

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." 28 U.S.C. § 1446(b)(2)(A). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

**B.    Analysis**

The sole issue before the Court is whether removal was procedurally improper because Houston Shine did not consent to removal.

Plaintiff asserts that she properly served Mr. Shine pursuant to the Louisiana Long Arm Statute on April 19, 2017, via certified mail. (R. Doc. 3 at 3). The certified letter was addressed to Mr. Shine at 400 North Frio Street, Apt. 8305, San Antonio, Texas, 78207. (R. Doc. 3-4). On

4

April 25, 2017, the letter was returned to Plaintiff's counsel marked "Return to Sender / Not Deliverable as Addressed / Unable to Forward." (R. Doc. 3-7).  Plaintiff argues that the act of mailing the Petition and Citation to Mr. Shine at the above address by certified mail satisfies the requirements for service of process pursuant to La. R.S. 13:3204. (R. Doc. 3-1 at 4-6).

The Louisiana Long Arm Statute permits service of nonresident defendants by sending a certified copy of the summons and complaint by certified mail to the defendant:

A. In a suit under R.S. 13:3201, a certified copy of the citation … shall be sent … to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited or small claims jurisdiction.

B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. R.S. 13:3204.  The 30-day window to consent to removal or join the removal starts running when there is actual service, and there is no requirement for proof of service to be filed for the rule of unanimity to apply. *Babin v. Isaman*, No. 09-0408, 2009 WL 3672901, at *4-5 (M.D. La. Nov. 4, 2009) (citing *Richoux v. CSR, Ltd.*, No. 08-931, 2008 WL 576242 (E.D. La. Feb. 29, 2008)).

Plaintiff relies primarily on two state court decisions in support of the argument that service was proper even though the certified letter upon which service is based was marked marked "Return to Sender / Not Deliverable as Addressed / Unable to Forward" and returned to Plaintiff's counsel. (R. Doc. 3-1 at 4).  These decisions stand for the proposition that service pursuant to the Louisiana Long Arm Statute is perfected when sent by registered or certified mail regardless of whether there is a signed return receipt. *McFarland v. Dippel*, 756 So.2d 618, 622

5

(La. App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444-45 (La. App. 3d Cir. 2004) ("There is no requirement under § 3204 for a signed return receipt."). However, neither of these cases involve a dispute that the service of process was improper because it was mailed to the wrong address. *See McFarland*, 756 So.2d at 620 ("It is undisputed that a copy of the citation and of the petition was sent by [the defense] attorney to McFarland at his correct residential address."); *HTS, Inc*. 889 So.2d 442, 445 ("There is no indication that [plaintiff's counsel] sent the information to an incorrect address."). Instead, these decisions involved situations where the defendant either refused or ignored receipt of service sent to the correct address.

This Court has held that attempted service at an incorrect address does not constitute service under the Louisiana Long Arm Statute for purposes of the rule of unanimity. *See Grace v. Myers*, No. 15-300, 2015 WL 4939893, *3-5 (M.D. La. Aug. 18, 2015). In *Grace*, this court held that service was not proper under La. R.S. 13:3204 where the plaintiff attempted to serve the defendant at an address where the defendant did not currently live. *Id*. The record indicated that the plaintiff directed service to an address obtained at the time of the accident and made no additional efforts to determine the defendant's address at the time service was attempted. *Id*. at *5. There was no indication in the record that the defendant, or a person authorized by the defendant, lived at the address where service was attempted, and actively refused to accept service. *Id*. In reaching this conclusion, the court specifically distinguished *McFarland* and *HTS*. *Id*. at *4. Subsequent decisions from this district have reached the same conclusion. *See Kelly v. Arch Ins. Co.*, No. 15-772, 2016 WL 3951424, at *6-7 (M.D. La. June 9, 2016), *report and*

6

*recommendation adopted*, 2016 WL 3951391 (M.D. La. July 21, 2016); *Gupta v. Kelly*, No. 15-741, ECF No. 16, at *8-9 (M.D. La. Feb. 9, 2016), *report and recommendation adopted*, ECF No. 17 (M.D. La. Mar. 14, 2016).[1]

Based on the foregoing, it is clear that Plaintiff did not properly serve Mr. Shine, as nothing was sent "to the defendant" and contemplated by La. R.S. 13:3204. The record indicates that Plaintiff directed service at an address obtained at the time of the accident (apparently a typographical error by the officer completing the traffic crash report) and made no additional efforts to determine Mr. Shine's correct address at the time service was attempted. This is not a case where the Plaintiff relied on an address provided by defense counsel or filed by the defendant with the Secretary of State.[2] There is no indication in the record that Mr. Shine, or a person authorized by Mr. Shine, lived at the address to which service was mailed, and actively refused to accept service. Mr. Shine's correct address is clearly identified on his commercial driver's license. There is no indication that Mr. Shine provided a false address to the police officer who wrote the official traffic crash report. Finally, there is no indication that Mr. Shine was otherwise served process prior to removal.

Based on the foregoing, the Court concludes that Houston Shine was not properly served process at the time of removal, and U.S.A. Truck, the removing defendant, did not have to obtain the consent of Mr. Shine to remove this action.

---

[1] The law firm representing the plaintiffs in *Grace*, *Kelly*, and *Gupta* is the same law firm representing the plaintiff in this action.
[2] *See Major v. Patriot Disaster Services, LLC*, No. 15-866, 2017 WL 457656 (M.D. La. Feb. 2, 2017); *Stephens v. Carter*, No. 15-521, 2016 WL 7104851, at *3-4 (M.D. La. Dec. 5, 2016).

7

## IV.     Conclusion

Based on the foregoing, the Court concludes that removal was procedurally proper pursuant to 28 U.S.C. §1446.

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 3) be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 28, 2017.

     **RICHARD L. BOURGEOIS, JR.**
     **UNITED STATES MAGISTRATE JUDGE**